*325 OPINION.
TukneR:
It is the contention of the petitioner that the common stock of the .Mountain Cross Granite Co. became worthless in 1930, and the cost of such stock to him was a deductible loss in that year. The respondent, in his deficiency letter, disallowed the deduction claimed, on the ground that the stock did not become worthless in 1930, and, further, determined that the stock was exchanged within that year for stock of another corporation, within the meaning of section 112 (b) (3) of the Revenue Act of 1928. .
It is apparent that the facts do not support the petitioner’s claim that the common stock of the Mountain Cross Granite Co. was worthless at the time of or prior to the organization of the successor company. It .is true that the company was in straits for operating funds and that it liad iiressing obligations. It is also true that on June 30,1930, the day prior to the transfer of its business to the new corporation, the balance sheet did not show any book value for the common stock. This might be taken as an indication that if the company had been dissolved and its assets distributed at that time, the holders of common stock would have received nothing for their stock. The fact is, however, the company was not dissolved and its assets distributed, but a new corporation was formed to continue the business and the stockholders received an interest in the new. company for and on the basis of their stockholdings in the old company. It is also to be noted that the company owned valuable properties which it was believed could be profitably operated if immediate and pressing obligations could be cared for. Furthermore, the holders of common stock had absolute control of these valuable properties, the preferred stock having no voting power whatever. That some value was attributed to the common stock is also shown by the facts that the plan for acquisition of the property by the new company, Mountain Cross Granite Corporation, required the surrender of one share of common stock for each share of common stock in the new company subscribed for by the holders of common stock in the old company.
There is the further fact that, to holders of common stock who held no so-called major securities, warrants were issued giving the right to subscribe to common stock of the new company at $7.50 per share. In this connection the petitioner cites the decision of the Board in Union C. De Ford, 19 B. T. A. 339, where it was held that the common stock of the old corporation was worthless prior to reorganization *326 and its cost constituted a deductible loss even though holders of such stock were later permitted to subscribe to common stock of the new corporation at the rate of $20 for units of 2 shares each. In that case, however, it appears that people not connected with the old company in any way, and not parties to the reorganization or underwriting agreement, were permitted to subscribe to common stock on the same basis as the holders of the common stock in the old company, and we found, as a fact, that the right to purchase two shares of stock in the new company at $20 had no market value. Here such was not the case. Only stockholders of the Mountain Cross Granite Co. were permitted to subscribe for stock in the Mountain Cross Granite Corporation. Even It. C. Walgren, who put the additional cash .into the enterprise, was a holder of prior preferred and class A common stock and, except for Walgren, it does not appear that any person other than those who bought common stock under the right of common stock warrants put anything into the new company other than stock or bonds of the old company. Furthermore, there is no showing of the condition of the new company after the scaling down of the bonded indebtedness and the preferred, prior preferred, and class A common stock. Under such circumstances the record does not support the contention that the holders of common stock in the old company did not receive for their stock something of value in the warrants permitting the purchase of common stock in the new company at $7.50 per share.
Based on these considerations, it is our opinion that the common stock of the Mountain Cross Granite Co. did not become worthless in the year 1930 and that the petitioner did not sustain a deductible loss on that account.
Since it is the petitioner’s contention that the common stock of the Mountain Cross Granite Co. was not exchanged for stock or securities of the Mountain Cross Granite Corporation, by way of reorganization or otherwise, and since we have found that the stock was not worthless in 1930, it might be sufficient to consider this case disposed of on that point alone. In view of the fact, however, that the deficiency letter, which is incorporated as a part of the petition, indicates that respondent’s determination was based largely on a contention that petitioner’s stock was exchanged for stock by way of a reorganization within the meaning of the statute, it is deemed necessary to determine the question as to whether an exchange of stock and securities did take place, and, if so, whether it was a nontaxable exchange, as shown by respondent’s determination, or an exchange resulting in the realization of gain or loss.
Section 112 (b) (3) of the Revenue Act of 1928 provides in part as follows:
*327 SEO. 112. RECOGNITION OF GAIN OR LOSS.
* * * * * * *
(b) E&changes solely m 7oinil.—
*******
(3) Stock fob stock on eeoeganization.- — No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are. in pursuance of the plan of reorganization, exchanged solely for stock- or securities in such corporation or in another corporation a party to the reorganization.
The term “ reorganization ” is defined in section 112 (i) (1) of the act in the following manner:
(i) Definition of reorganization. — As used in this section and sections 113 and 115—
(1) The term “reorganization” means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of the assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.
It is our opinion that the transaction whereby the Mountain Cross Granite Corporation was organized and acquired the assets of the Mountain Cross Granite Co. clearly comes within the meaning of section 112 (i) (1) quoted above. We have pointed out, in John J. Watts, 28 B. T. A. 1056, and J. S. Rippel & Co., 30 B. T. A. 1146, that in a strict merger “ one of the corporations loses its identity by merging into another which survives and absorbs the property and assets of the merged corporation ”, but that Congress extended the term reorganization beyond strict mergers and consolidations by inserting the parenthetical clause in section 112 (i) (1) to provide that mergers and consolidations included “ the acquisition by one corporation of at .least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation.” Referring to the language just quoted, the Supreme Court, in Pinellas Ice Gold Storage Co. v. Commissioner, 287 U. S. 462, at page 469 said:
The words within the parenthesis may not be disregarded. They expand the meaning of “merger” or “ consolidation ” so as to include some things which partake of the nature of a merger or consolidation but are beyond the ordinary and commonly accepted meaning of those words — so as to embrace circumstances difficult to delimit but which in strictness cannot be designated as either merger or consolidation.
*328 It is essential, however, as was pointed out in Cortlandt Specialty Co. v. Commissioner, 60 Fed. (2d) 931, that there be a “ continuity of interests under modified corporate forms.”
In the light of these decisions and on the facts, there can be no doubt that the transaction here involved, even if not a strict merger, constituted a reorganization within the meaning of section 112 (i) (1) (A) of the Revenue Act of 1928. Prior to the transaction of July 1, 1930, the petitioner and his associates held stock and securities of the Mountain Cross Granite Co., which owned certain assets and had certain liabilities. After that date they held, in the place of such stock and securities of the Mountain Cross Granite Co., stock of the Mountain Cross Granite Corporation, which owned the same assets subject to the same liabilities as before.
Regardless of the short cut taken in effecting the issuance of the stock of the new company and its procurement of the assets of the old company, the result, so far as the application of the statute here involved is concerned, is exactly the same as if there had been an actual exchange of the stock of the new company for the stock of the old company, or an exchange of the stock of the new company directly for the assets of the old company, and then a distribution of the new stock. It matters little that the plan of reorganization provided that the stockholders of the old company, instead of transferring their securities to the new company in exchange for its stock, should receive their stock in the new company upon surrender of the old company stock to the old company for cancellation and it does not change the situation in the least that a formal transfer of assets was made by the directors of the old company, reciting as consideration the agreement of the new company to assume the old company’s liabilities. The final result by either course -would have been exactly the same.
Neither do we consider that this transaction, on the facts disclosed, was any the less a reorganization within the meaning of section 112 (i) (1) (A) because the new corporation sold some of its stock to R. C. Walgren for cash-.
The stock, both common and preferred, and securities of the Mountain Cross Granite Co. were exchanged for stock of the Mountain Cross Granite Corporation within the meaning of section 112 (b)(3) of the Revenue Act of 1928, and since we have already found that the common stock did not become worthless prior to such exchange, the petitioner did not sustain a deductible loss in 1930 with reference to such stock.
Reviewed by the Board.

Decision will be entered for the respondent.

Black, Smith, and Akundell dissent.